UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

P1 and P2, Individually and as Parents and
Natural Guardians of V1,
and P3 and P4, Individually and as Parents and
Natural Guardians of V2,

                       Plaintiffs,

**COMPLAINT**

v.

Case No.: _____

HILTON CENTRAL SCHOOL DISTRICT,
NORTHWOOD ELEMENTARY SCHOOL,
KIRK ASHTON,
and CASEY KOSIOREK,

                       Defendants.

Plaintiffs, P1 and P2, individually and as parents and natural guardians of V1, and P3 and P4, individually and as parents and natural guardians of V2 (collectively, "Plaintiffs"), by and through their attorneys, the Law Offices of Pullano & Farrow, PLLC, as and for their complaint against the defendants named above, allege as follows:

## PARTIES

1. Plaintiffs P1 and P2 are and were at all times relevant to this complaint, the parents and natural guardians of V1 (f/k/a John Doe in Plaintiff's Notice of Claim), who is a minor.

2. Plaintiffs P1, P2, and V1 are and were at all times relevant to this complaint residents of the Town of Greece, County of Monroe, State of New York.

3. Plaintiffs P3 and P4 are and were at all times relevant to this complaint, the parents and natural guardians of V2 (f/k/a James Doe in Plaintiff's Notice of Claim), who is a minor.

4. Plaintiffs P3, P4, and V2 are and were at all times relevant to this complaint residents of the Town of Hilton, County of Monroe, State of New York.

5.      This complaint is being filed under pseudonyms, P1, P2, P3, P4, V1, and V2, pursuant to Federal Rules of Civil Procedure Rule 10(a).

6.      V1 and V2 are minors and victims of sexual abuse. Should V1's and V2's names be exposed in this suit, they could be subjected to ridicule, embarrassment, scrutiny, and rumors/gossip by their peers and/or the general public.

7.      P1, P2, P3, and P4 are parents of said minors and, therefore, revealing their names would reveal the identity of their minor children.

8.      Upon information and belief, defendant Northwood Elementary School ("Northwood") was and is a public school duly organized and operating under the laws of the State of New York with its principal office located at 433 North Greece Road, Hilton, New York 14468.

9.      Upon information and belief, defendant Hilton Central School District ("HCSD") was and is a school district and municipal entity duly organized and operating under the laws of the State of New York with its principal office located at 225 West Avenue, Hilton, New York 14468.

10.     Upon information and belief, defendant Kirk Ashton ("Ashton") was and is an individual previously residing in the County of Monroe, State of New York.[1]

11.     Upon information and belief, defendant Casey Kosiorek ("Kosiorek") was and is an individual residing in the County of Monroe, State of New York.

12.     Northwood, HCSD, Ashton, and Kosiorek shall hereafter be referred to collectively as "Defendants."

---

[1] As of April 2021, Ashton is being held in the Niagara County Jail awaiting a criminal trial.

## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over defendants Ashton and Kosiorek as each reside in the State of New York.

14. The Court has personal jurisdiction over defendants Northwood and HCSD as they have their principal offices in the State of New York.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

16. Venue is proper in the Western District Court of New York pursuant to 28 U.S.C. § 1391.

17. The complaint is being brought pursuant to the New York Child Victims Act. Pursuant to this Act, a Notice of Claim is not required. Regardless of the foregoing, a Notice of Claim was served on Defendants on or about May 6, 2021. Any allegations or causes of action set forth herein which were not mentioned in the Notice of Claim remain viable under the New York Child Victims Act.

18. Plaintiffs further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

19. At least 30 days have elapsed since the Notice of Claim was served on Defendants and Defendants have refused to make any payments or adjustments to Plaintiffs.

## FACTUAL ALLEGATIONS

20. Upon information and belief, at all times relevant to this complaint, defendant Ashton was employed by HCSD as principal of Northwood Elementary School from 2004 through April 2021.

21. Northwood is an elementary school located within and under the control and auspices of HCSD.

22. Upon information and belief, at all times relevant to this complaint, Ashton was under the direct supervision and control of Northwood, HCSD, and/or Kosiorek.

23. Upon information and belief, Kosiorek was employed by HCSD as superintendent from January 2016 through the date of this complaint.

24. Through his position at, within, or for Northwood and HCSD, Ashton was put in direct contact with V1 and V2, students at Northwood.

25. Upon information and belief, Ashton used his position of authority to create regular "lunch bunch" meetings with a selection of male students from Northwood.

26. "Lunch bunch" would take place in Ashton's office at Northwood with the door to Ashton's office closed.

27. These "lunch bunch" meetings we used a means of separating and isolating V1 and V2, as well as other young boys, so as to give Ashton private time with each child.

28. Upon information and belief, as these "lunch bunch" meetings were conducted during school hours in the presence of other teachers, administrators, and staff of HCSD, the "lunch bunch" meetings were known, or should have been known, to Northwood, HCSD, and Kosiorek.

29. On numerous occasions, during these "lunch bunch" meetings and at other periods of time, Ashton, while acting as an employee of HCSD, sexually assaulted, sexually abuse, and/or had unpermitted sexual contact with V1 and V2.

30. P1, P2, P3, and P4 were never informed by Ashton, Northwood, HCSD, and/or Kosiorek that these closed-door "lunch bunch" meetings were taking place.

A. **Facts as They Pertain to V1**

31. At all times relevant to this complaint, V1 was a student at Northwood Elementary School.

4

32. In 2018, when V1 was eight-years old and enrolled at Northwood as a third grader, Ashton began removing V1 from his regular classroom setting to have him attend "lunch bunch" meetings.

33. P1 and P2 learned about "lunch bunch" after V1 mentioned it during casual conversation.

34. Upon requesting additional information about "lunch bunch," Ashton advised P1 and P2 that "lunch bunch" was a reward for students, including V1.

35. Ashton never informed P1 and/or P2 that this "reward" was only for the male children he deemed worthy at Northwood.

36. It was during "lunch bunch" that Ashton would sexually assault V1 and other male students.

37. Specifically, Ashton would force V1 to sit on his lap and inappropriately rub V1's shoulders, back, and thighs.

38. Beginning in March 2020, when V1 was in fifth grade and during the global pandemic, HCSD implemented remote learning in order to curb the spread of the novel coronavirus (Covid-19).

39. For the remainder of the 2019-2020 school year and the beginning of the 2020-2021 school year, under the implemented remote learning program, V1 attended classes remotely three (3) days per week and in-person two (2) days per week.

40. In an effort to take advantage of the global pandemic and remote learning program, in February 2021, Ashton created a reading program, which was not a part of the approved school curriculum, specifically for V1 and another male student.

41. As part of this reading program, V1 and another male student would visit different classrooms (kindergarteners to fifth graders) to read books related to Black History Month.

42. This reading program required V1 to be physically on Northwood's campus during remote learning days in which V1 was scheduled to be off campus and doing classwork at home via computer.

43. Unbeknownst to P1 and P2, the reading program ended on March 1, 2021 with the conclusion of Black History Month.

44. Ashton continued to have V1 and the other male student physically present on Northwood's campus on remote learning days even after the conclusion of the reading program.

45. While on campus, during these time periods, V1 and another male student, at Ashton's direction, would be in Ashton's private office, with the door closed and alone with Ashton.

46. It was during these reading sessions that Ashton would sexually assault V1.

47. During these encounters, Ashton would ask V1 to sit on his lap and read to him. Ashton would then inappropriately rub V1's shoulders, back, thighs, and buttocks.

48. The aforementioned conduct was not limited exclusively to the 2020-2021 school year but occurred consistently throughout V1's third grade, fourth grade, and fifth grade years (2018-2021).

49. Such improper conduct eventually stopped in April 2021 when, as a result of his abuse and sexual molestation of V1, V2, and other male children, Ashton was placed on administrative leave.

50. Ashton subjected V1 to an unwanted and inappropriate course of conduct over a span of three (3) years.

51. Such conduct all took place on school grounds, specifically in Ashton's office.

52. Various employees of HCSD and Northwood, including V1's teachers, were aware of the "lunch bunch" meetings and V1's involvement in the reading program.

53. V1 would be taken out of class to attend "lunch bunch" and the reading program in Ashton's office.

54. Various employees of HCSD and Northwood witnessed V1 on school grounds, specifically in Ashton's office, on V1's remote learning days.

55. Upon information and belief, multiple employees of HCSD and Northwood were within close proximity to Ashton's office and were aware that Ashton consistently spent time alone with V1 in his office.

56. HCSD, Northwood, and Kosiorek knew and/or reasonably should have known of Ashton's inappropriate and unlawful sexual acts against V1.

    **B.**     **Facts as They Pertain to V2**

57. At all times relevant to this complaint, V2 was a student at Northwood Elementary School.

58. In 2018, when V2 was eight-years old and enrolled at Northwood as a third grader, V2 began attending "lunch bunch" meetings with Ashton.

59. During the 2019-2020 school year, P3 and P4 learned of Ashton's "lunch bunch" meetings after V2 mentioned it during casual conversation.

60. Upon learning of "lunch bunch", P3 and/or P4 spoke with an employee of Northwood and expressed concerns about the closed-door "lunch bunch" meetings.

61. Due their concerns about the closed-door meetings, P3 or P4 advised the employee of Northwood that V2 was not permitted to attend "lunch bunch" in the future.

62. Upon information and belief, despite P3's and P4's concerns, HCSD and Northwood failed to investigate "lunch bunch."

63. V2 did not attend any more "lunch bunch" meetings for the remainder of the 2019-2020 school year.

64. Upon information and belief, at the beginning of the 2020-2021 school year, V2 once again began attending "lunch bunch" meetings at Ashton's request.

65. It was during these closed-door "lunch bunch" meetings that Ashton would sexually assault V2.

66. Specifically, Ashton would ask V2 to sit on his lap and inappropriately rub V2's shoulders, back, and thighs. Ashton would also run V2 below the belly button.

67. The aforementioned conduct occurred consistently throughout V2's third grade, fourth grade, and fifth grade years (2018-2021).

68. Such improper conduct eventually stopped in April 2021 when, as a result of his abuse and sexual molestation of V1, V2, and other male children, Ashton was placed on administrative leave.

69. Various employees of HCSD and Northwood, including V2's teachers, were aware of the "lunch bunch" meetings as V2 would be taken out of class to attend them.

70. HCSD and Northwood knew and/or reasonably should have known of the inappropriate and unlawful sexual acts of Ashton against V2.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT ASHTON**
**(Assault and Battery as Against V1)**

71. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 70 with the same force and effect as though fully set forth herein.

72. Defendant Ashton intentionally and unlawfully engaged in inappropriate and sexually motivated physical contact with V1.

73. Defendant Ashton intentionally touched V1 without his consent.

74. Defendant Ashton caused V1 to believe that harmful and abusive conduct was going to occur on multiple occasions between 2018 and 2021.

75. Defendant Ashton knew that his conduct would cause harm to V1.

76. As a direct and proximate result of the foregoing, V1 has suffered emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

77. By reason of the foregoing, V1 has been damaged in the sum of Two Million Dollars ($2,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ASHTON**
**(Assault and Battery as Against V2)**

78. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 77 with the same force and effect as though fully set forth herein.

79. Defendant Ashton intentionally and unlawfully engaged in inappropriate and sexually motivated physical contact with V2.

80. Defendant Ashton intentionally touched V2 without his consent.

81. Defendant Ashton caused V2 to believe that harmful and abusive conduct was going to occur on multiple occasions between 2018 and 2021.

82. Defendant Ashton knew that his conduct would cause harm to V2.

83. As a direct and proximate result of the foregoing, V2 has suffered emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

84. By reason of the foregoing, V2 has been damaged in the sum of Two Million Dollars ($2,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence)

85. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 84 with the same force and effect as though fully set forth herein.

86. Defendants knew or should have known that Ashton was sexually abusing minor male students at Northwood.

87. Defendants knew or should have known that Ashton was having closed-door meetings with minor male students on a frequent basis and for extended periods of time.

88. Defendants breached their duties to Plaintiffs by failing to exercise reasonable care.

89. The frequency and length of such closed-door meetings would have caused a reasonable person to investigate such meetings.

90. Defendants also failed to properly supervise Ashton in his role as principal of Northwood.

91. Defendants failed to protect V1 and V2 from a known danger.

92. As a direct and proximate result of the foregoing, Plaintiffs have suffered emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

93. By reason of the foregoing, Plaintiffs have been damaged in the sum of Two Million Dollars ($2,000,000.00).

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Intentional Infliction of Emotional Distress)**

94. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 93 with the same force and effect as though fully set forth herein.

95. Defendant Ashton, in his official capacity as principal of Northwood and an employee of HCSD, exhibited unlawful and inappropriate conduct towards V1 and V2, all of which were in violation of the constitutional and civil rights of V1 and V2.

96. The foregoing conduct by Defendants was done intentionally, and with gross indifference to Plaintiffs' rights.

97. The foregoing conduct by Defendants was the sole and proximate cause of Plaintiffs' mental and emotional anguish.

98. As a direct and proximate result of the foregoing, Plaintiffs have suffered emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, medical expenses, emotional and psychological injuries, and pain and suffering.

99. By reason of the foregoing, Plaintiffs have been damaged in the sum of Two Million Dollars ($2,000,000.00).

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Negligent Infliction of Emotional Distress)**

100. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 99 with the same force and effect as though fully set forth herein.

101. Defendants had a duty to maintain a safe environment for V1 and V2 that was free from fear, intimidation, and unwanted physical contact.

102. Defendants had a duty to protect V1 and V2 from sexual abuse and resulting emotional distress.

103. Defendants breached said duty by failing to control, supervise, or reprimand Ashton when he engaged in inappropriate behavior, including, but not limited to, unwanted sexual abuse and/or sexual molestation of V1 and V2.

104. As a result of this breach of duty, Defendants caused P1, P2, P3, and P4 to fear for their children's well-being and safety.

105. As a result of this breach of duty, Defendants caused V1 and V2 to be subjected to unwanted sexual abuse by Ashton.

106. As a result of Defendants' breach of duty, Plaintiffs have suffered emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

107. By reason of the foregoing, Plaintiffs have been damaged in the sum of Two Million Dollars ($2,000,000.00).

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS NORTHWOOD, HCSD, AND KOSIOREK
### (Negligent Training, Supervision, Hiring, and Retention)

108. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 107 with the same force and effect as though fully set forth herein.

109. Defendants Northwood, HCSD, and Kosiorek failed to adequately train and supervise its employees, including Ashton, with respect to appropriate staff-student relations.

110. HCSD and Northwood knew or should have known of Ashton's inappropriate tendencies and school policy violations by conducting a proper investigation into Ashton's background before hiring him as principal of Northwood.

111. Through the exercise of due care, HCSD and Northwood would have discovered Ashton's propensity for poor decision making and illegal activities based on his prior convictions for Driving While Intoxicated in 1998 and 2007 (during his time as principal of Northwood).

112. Defendants failed to adequately supervise Ashton during his employment and negligently placed Ashton in a sensitive position of employment without proper training, supervision, or control.

113. Defendants tolerated and permitted a pattern of illegal and unwanted sexual abuse and molestation of Northwood students in violation of their civil rights.

114. Defendants failed to maintain a proper system for supervising and disciplining their employees and in doing so failed to maintain a safe environment for their students.

115. The aforementioned acts of Ashton, as principal of Northwood and an employee of HCSD, directly and proximately resulted from the failure of Defendants to properly, train, hire, retain, and supervise their personnel.

116. Such failure to adequately train, hire, supervise, and retain their employees was the cause of Ashton unlawfully engaging in inappropriate relationships with V1 and V2 and thereby causing the damages that are the subject of this complaint.

117. As a result of such negligent failure to train and supervise employees, and as a direct and proximate result of the foregoing, V1 and V2 have suffered and continue to suffer emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

118. By reason of the foregoing, Plaintiffs have been damaged in the sum of Two Million Dollars ($2,000,000.00).

### AND AS FOR A SEVENTH CAUSE OF ACTION AGAINST
### DEFENDANTS NORTHWOOD, HCSD, AND KOSIOREK
**(Breach of Duty to Report Abuse Under N.Y. Social Services Law §§ 413, 420)**

119. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 118 with the same force and effect as though fully set forth herein.

120. Pursuant to N.Y. Social Services Law §§ 413 and 420, defendants Northwood, HCSD, and Kosiorek had a statutorily imposed duty to report reasonable suspicion of abuse of children in their care.

121. Defendants Northwood, HCSD, and Kosiorek breached that duty by knowingly and willfully failing to report reasonable suspicion of abuse by Ashton of children in their care.

122. As a direct and/or indirect result of said conduct, Plaintiffs have suffered and continue to suffer emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

123. By reason of the foregoing, Plaintiffs have been damaged in the sum of Two Million Dollars ($2,000,000.00).

### AND AS FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(42 U.S.C. § 1983 for Violations of V1's Civil Rights)**

124. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 123 with the same force and effect as though fully set forth herein.

125. The specific acts, including, but not limited to negligence, assault, battery, negligent and intentional infliction of emotional distress, and negligent failure to train, hire, supervise, and retain, and violation under color of law are each exclusively, and without regard to the other, a separate and distinct violation of V1's rights as enumerated above.

126. The custom or policy of Defendants, as set forth above, caused V1 to be subjected to a denial of his constitutional rights in direct violation of the provisions of 42 U.S.C. § 1983.

127. The civil rights of V1, as guaranteed under the Constitution, statutes, common law, and case law of the United States and New York State were willfully violated by all of the above misconduct.

128. Acting under color of law, Defendants deprived V1 of his rights, privileges, and immunities pursuant to the Fourteenth Amendment to the United States Constitution and 41 U.S.C. § 1983 by denying V1 of his constitutional right to equal protection under the laws of the United States.

129. As a direct and proximate result of the foregoing, V1 has suffered and continues to suffer emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

130. By reason of the foregoing, P1, P2, and V1 have been damaged in the sum of Two Million Dollars ($2,000,000.00).

**AND AS FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(42 U.S.C. § 1983 for Violations of V2's Civil Rights)**

131. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 130 with the same force and effect as though fully set forth herein.

132. The specific acts, including, but not limited to negligence, assault, battery, negligent and intentional infliction of emotional distress, and negligent failure to train, hire, supervise, and retain, and violation under color of law are each exclusively, and without regard to the other, a separate and distinct violation of V2's rights as enumerated above.

133. The custom or policy of Defendants, as set forth above, caused V2 to be subjected to a denial of his constitutional rights in direct violation of the provisions of 42 U.S.C. § 1983.

134. The civil rights of V2, as guaranteed under the Constitution, statutes, common law, and case law of the United States and New York State were willfully violated by all of the above misconduct.

135. Acting under color of law, Defendants deprived V2 of his rights, privileges, and immunities pursuant to the Fourteenth Amendment to the United States Constitution and 41 U.S.C. § 1983 by denying V2 of his constitutional right to equal protection under the laws of the United States.

136. As a direct and proximate result of the foregoing, V2 has suffered and continues to suffer emotional trauma, embarrassment, emotional stress, anxiety, depression, mental anguish, humiliation, emotional and psychological injuries, and pain and suffering.

137. By reason of the foregoing, P3, P4, and V2 have been damaged in the sum of Two Million Dollars ($2,000,000.00).

**WHEREFORE**, Plaintiffs demand judgment as follows:

　　a. On the first cause of action, in favor of P1, P2, and V1, as against defendant Ashton, in the amount of Two Million Dollars ($2,000,000.00);

　　b. On the second cause of action, in favor of P3, P4, and V2, as against defendant Ashton, in the amount of Two Million Dollars ($2,000,000.00);

　　c. On the third cause of action, in favor of Plaintiffs, as against all Defendants, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

　　d. On the fourth cause of action, in favor of Plaintiffs, as against all Defendants, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

　　e. On the fifth cause of action, in favor of Plaintiffs, as against all Defendants, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

  f. On the sixth cause of action, in favor of Plaintiffs, as against defendants Northwood, HCSD, and Kosiorek, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

  g. On the seventh cause of action, in favor of Plaintiffs, as against defendants Northwood, HCSD, and Kosiorek, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

  h. On the eighth cause of action, in favor of P1, P2, and V1, as against all Defendants, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

  i. On the ninth cause of action, in favor of P3, P4, and V2, as against all Defendants, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00);

  j. Punitive damages in an amount to be determined at trial;

  k. An award of reasonable attorneys' fees, pursuant to the Civil Rights Attorneys Fees Act of 1976 and 42 U.S.C. § 1988; and

  l. For such other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of the claims raised herein for which Plaintiffs have a right to a trial by jury.

Dated: July 21, 2021                                        **PULLANO & FARROW**
      Rochester, New York

                                                     By:   s/ Langston D. McFadden
                                                                  Langston D. McFadden, Esq.
                                                                  Mallory K. Smith, Esq.
                                                                  ***Attorneys for Plaintiffs***
                                                                  69 Cascade Drive, Suite 307
                                                                  Rochester, New York 14614
                                                                  lmcfadden@lawpf.com
                                                                  msmith@lawpf.com
                                                                  Tel: 585-730-4773
                                                                  Fax: 888-971-3736